**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICIO ROSALIO GUZMAN-SALINAS,<br><br>        Petitioner,<br><br>        v.<br><br>TROY LUND et al.,<br><br>        Respondents. | Case No. CV 15-9477-DMG (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On July 5, 2016, Petitioner filed Objections, stating that he has "no further objections" to the R. & R. in light of Respondents' statement in their Reply that the U.S. Citizenship and Immigration Service District Director would work to arrange to have Petitioner brought to the U.S. Courthouse in Los Angeles, administered the oath of allegiance, and issued a certificate of citizenship. (Objs. at 1; see Reply at 6 n.1.)

    On January 3, 2017, Petitioner filed a "Notice of Fraud on the Court," attaching several documents. In it, he alleges that

Respondents have not assisted him in taking the oath of allegiance but rather have again erroneously denied his application for a certificate of citizenship. (Notice at 1.) He attaches documents appearing to support his claim. (See, e.g., Notice Attach. at 4 (U.S. Citizenship and Immigration Services' notice of intent to reopen application for certificate of citizenship), 8 (decision denying request).) On January 27, 2017, Respondents filed a response, conceding that Petitioner's citizenship application was once again erroneously denied but stating that the error had been corrected (Resp. at 5 & Exs. 5, 6 ¶ 4) and that once Petitioner is released from prison, he will be able to reactivate his application and take his oath of citizenship (id.). Respondents also state that they tried on four separate occasions to arrange for Petitioner to take the citizenship oath during his prison term but were unsuccessful. (Id. at 4.) Petitioner did not timely file a reply.

As the Magistrate Judge pointed out in the Report and Recommendation, Petitioner has no right to be administered the oath while incarcerated. (R. & R. at 6-7.) He apparently is due to be released in less than a year (see Resp. at 1 (stating that Petitioner will be released from prison in November 2017); Notice Attach. at 8 (decision denying application, stating that Petitioner represented that he "will not be released from Federal Custody until January 2018")), and the Court fully expects Respondents to keep their word and ensure that nothing — absent a further court order — stands in the way of Petitioner being administered the oath once he is released from prison. If Petitioner encounters any such difficulties, he may file a

2

postjudgment request for relief.

The Court therefore accepts the findings and recommendations of the Magistrate Judge.  IT IS ORDERED that Respondents' motion to dismiss is granted, the Petition is denied without prejudice, and Judgment be entered dismissing this action.

DATED:  April 28, 2017

                                      DOLLY M. GEE
                                      UNITED STATES DISTRICT JUDGE